IAN C. BALLON (SBN 141819)
Ballon@gtlaw.com
LORI CHANG (SBN 228142)
ChangL@gtlaw.com
NINA D. BOYAJIAN (SBN 246415)
BoyajianN@gtlaw.com
MONICA A. HERNANDEZ (SBN 280195)
HernandezMo@gtlaw.com
GREENBERG TAURIG, LLP
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303
Telephone:     650-328-8500
Facsimile:      650-328-8508

Attorneys for defendant
THE POKÉMON COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE POKÉMON GO NUISANCE LITIGATION | CASE NO. 3:16-cv-04300-JD<br><br>**DEFENDANT THE POKÉMON COMPANY'S NOTICE OF MOTION, MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:          April 6, 2017<br>Time:         10:00 a.m.<br>Courtroom:  11<br>Judge:        Hon. James Donato |

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................. 1

II. FACTUAL ALLEGATIONS ........................................................................................... 1

III. LEGAL STANDARD ....................................................................................................... 3

IV. ARGUMENT .................................................................................................................... 3

    A.    The Unjust Enrichment Claim Against Pokémon Must Be Dismissed Because It Is Not A Standalone Cause Of Action Under California Law ............................ 3

    B.    Plaintiffs' Unjust Enrichment Claim Is Duplicative Of Their Tort Claims, For Which There Are Adequate Remedies At Law ................................................. 4

    C.    Because Plaintiffs Do Not – And Cannot – State Any Quasi-Contractual Claim Against Pokémon, The Unjust Enrichment Claim Must Be Dismissed With Prejudice ............................................................................................................. 6

V. CONCLUSION .................................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*In re Apple & AT&T iPad Unlimited Data Plan Litig.*,
  802 F. Supp. 2d 1070 (N.D. Cal. 2011) ................................................................................... 4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................................. 3

*Astiana v. Hain Celestial Grp.*,
  783 F.3d 753 (9th Cir. 2015) ................................................................................................... 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................................. 3

*Carvalho v. Equifax Info. Servs., LLC*,
  629 F.3d 876 (9th Cir. 2010) ................................................................................................... 7

*In re Conagra Foods, Inc.*,
  90 F. Supp. 3d 919 (C.D. Cal. 2015) ....................................................................................... 4

*Doe v. Texaco, Inc.*,
  No. C 06-02820 WHA, 2006 WL 2053504 (N.D. Cal. July 21, 2006) ............................ 5, 6

*Donohue v. Apple, Inc.*,
  871 F. Supp. 2d 913 (N.D. Cal. 2012) .................................................................................... 7

*Foman v. Davis*,
  371 U.S. 178 (1962) .................................................................................................................. 7

*In re Ford Tailgate Litig.*,
  No. 11-CV-2953-RS, 2014 WL 1007066 (N.D. Cal. Mar. 11, 2014) ............................... 5, 6

*FormFactor, Inc. v. MarTek, Inc.*,
  No. 14-1122, 2015 WL 367653 (N.D. Cal. Jan. 28, 2015) .................................................... 4

*Fraley v. Facebook, Inc.*,
  830 F. Supp. 2d 785 (N.D. Cal. 2011) .................................................................................... 4

*In re Gilead Scis. Sec. Litig.*,
  536 F.3d 1049 (9th Cir. 2008) ................................................................................................. 3

*Gompper v. VISX, Inc.*,
  298 F.3d 893 (9th Cir. 2002) ................................................................................................... 3

*Gustavson v. Wrigley Sales Co.*,
  961 F. Supp. 2d 1100 (N.D. Cal. 2013) .................................................................................. 4

*Ham v. Hain Celestial Group, Inc.*,
   70 F. Supp. 3d 1188 (N.D. Cal. 2014) .................................................................................. 3

*In re iPhone Application Litig.*,
   844 F. Supp. 2d 1040 (N.D. Cal. 2012) ............................................................................... 4

*In re iPhone Application Litig.*,
   Case No. 11-MD-02250-LHK, 2011 WL 4403963 (N.D. Cal. Sept. 20, 2011) .................. 4

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005) ............................................................................................. 2

*Licul v. Volkswagen Grp. of Am., Inc.*,
   13-61686-CIV, 2013 WL 6328734 (S.D. Fla. Dec. 5, 2013) .............................................. 5

*Lipton v. Pathogenesis Corp.*,
   284 F.3d 1027 (9th Cir. 2002) ............................................................................................. 7

*Low v. LinkedIn Corp.*,
   900 F. Supp. 2d 1010 (N.D. Cal. 2012) ............................................................................... 4

*Parrino v. FHP, Inc.*,
   146 F.3d 699 (9th Cir. 1998) ............................................................................................... 2

*Rojas-Lozano v. Google, Inc.*,
   159 F. Supp. 3d 1101 (N.D. Cal. 2016) ........................................................................... 3, 6

*Trazo v. Nestle USA, Inc.*,
   113 F. Supp. 3d 1047 (N.D. Cal. 2015) ............................................................................... 6

**State Cases**

*Corsello v. Verizon N.Y., Inc.*,
   18 N.Y.3d 777, 944 N.Y.S.2d 732, 967 N.E.2d 1177 (2012) .............................................. 4

*Hill v. Roll Int'l Corp.*,
   195 Cal. App. 4th 1295 (2011) ........................................................................................ 3, 4

*McKell v. Washington Mut., Inc.*,
   142 Cal. App. 4th 1457 (2006) ............................................................................................ 6

*Ramona Manor Convalescent Hosp. v. Care Enters.*,
   177 Cal. App. 3d 1120 (1986) ............................................................................................. 6

**Rules**

Federal Rules of Civil Procedure, Rule 12(b)(2) ........................................................................ 2

Federal Rules of Civil Procedure, Rule 12(b)(6) ............................................................... 1, 2, 3

iii

Case No. 3:16-CV-04300-JD
Pokémon's Motion to Dismiss Pursuant to Rule 12(b)(6)

**Other Authorities**

1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, §§ 1015, 1016 ............................................. 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 6, 2017 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable James Donato, Courtroom 11 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, CA 94102, defendant The Pokémon Company ("Pokémon") will and hereby does respectfully move for an order dismissing plaintiffs Jeffrey Marder, Scott Dodich, Jayme Gotts-Dodich, and The Villas of Positano Condominium Association, Inc.'s (collectively, "plaintiffs") Consolidated Amended Class Action Complaint ("Complaint")[1] pursuant to Federal Rule of Civil Procedure 12(b)(6). This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, all pleadings and papers on file in this action, and such other written or oral argument as may be properly presented to the Court at the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

Unjust enrichment – plaintiffs' sole claim against Pokémon – is not an independent cause of action in California and therefore must be dismissed. Moreover, plaintiffs do not allege Pokémon committed – and Pokémon did not commit – the nuisance and trespass torts integral to the claim, which itself is an improper duplication of plaintiffs' separate nuisance and trespass claims. Since no amendment by plaintiffs can cure these deficiencies and plaintiffs cannot reframe this facially deficient claim as a valid one, the sole claim against Pokémon must not only be dismissed, but dismissed with prejudice.

### II.     FACTUAL ALLEGATIONS

Plaintiffs allege no wrongdoing by Pokémon (and there was none). Plaintiffs' sole allegation against Pokémon is that Pokémon receives a percentage of the revenue generated by the *Pokémon GO*

---

[1] Plaintiffs filed the Consolidated Amended Class Action Complaint on November 25, 2016 [Dkt. 46] with misnumbered paragraphs. An Errata and Corrected Consolidated Amended Class Action Complaint were filed on November 30, 2016 [Dkt. 48 and 48-1]. Any references to the Complaint refer to paragraph numbers assigned in the corrected version.

mobile game pursuant to a Game Development Agreement ("License Agreement")[2] with co-defendant Niantic, Inc. ("Niantic"). Consolidated Amended Class Action Complaint ("Compl.") ¶¶ 14, 81-86.[3] Plaintiffs do not allege that Pokémon is responsible for the allegedly wrongful acts complained of. *See generally id*.

Rather, plaintiffs allege that co-defendant Niantic is the developer and publisher of *Pokémon GO* and that Niantic designated GPS coordinates as Pokestops and Pokémon gyms "on or near private property" "without the consent of the properties' owners." *Id*. ¶¶ 1, 5, 13, 17, 19-21, 24, 26-27, 28, 46.

While plaintiffs allege as part of their unjust enrichment claim that "Defendants" designated Pokestops and/or Pokémon gyms on or near plaintiffs' properties, this allegation is directly contradicted by the numerous allegations specifically identifying Niantic as a sole actor. *Id*. ¶¶ 10-12, 30-34, 36, 43, 44, 51, 66-72, 75-80. In fact, plaintiffs allege that the acts complained of were committed solely by Niantic and solely under Niantic's control. *Id*. ¶¶ 7 (alleging that the harm to plaintiffs was "committed by Niantic"), 10 (plaintiff Jeffrey Marder was harmed by "Niantic's placement of Pokémon, Pokestops and/or Pokémon gyms on or near Mr. Marder's property"), 11 (plaintiffs Scott Dodich and Jayme Gotts-Dodich were harmed by "Niantic's placement of Pokémon, Pokestops and/or Pokémon gyms on or near the Dodich's property"), 12 (plaintiff The Villas of Positano Condominium Association, Inc. was harmed by "Niantic's placement of Pokémon, Pokestops and/or Pokémon gyms on or near the Villas of Positano"), 51 ("Niantic made unauthorized use of Plaintiff's and other Class members' property by placing Pokestops and Pokémon gyms thereupon or nearby."), 66 and 75 ("Niantic intentionally placed Pokémon, Pokestops and/or Pokémon gyms on or near the properties of Plaintiffs and other members of

---

[2]   As set forth in the Declaration of Takato Utsunomiya filed in support of Pokémon's concurrently filed motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), the License Agreement was originally entered into between Pokémon and Google Inc. and was subsequently assigned from Google to Niantic. Declaration of Takato Utsunomiya, ¶ 4. The Court may consider the existence of the License Agreement in deciding this motion because it is incorporated by reference in the Complaint. *See* Compl. ¶ 14 ("Pokémon Co. receives a percentage of all revenues generated by the *Pokémon Go* mobile application."); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (courts may consider facts contained in documents "'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [complaint].'" (citations omitted); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (holding that "a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies.").

[3]   Plaintiffs allege that Pokémon "is responsible for marketing and licensing the Pokémon franchise." Compl. ¶ 14.

the proposed class."); *see also id.* ¶¶ 2, 3, 5, 6, 24, 27, 30-34, 36, 43, 44, 47-49, 66-72, 75-80. Indeed, plaintiffs' two other claims – nuisance and trespass – are alleged only against Niantic. *Id.* ¶¶ 64-80.

### III. LEGAL STANDARD

A complaint will only survive a Rule 12(b)(6) motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While in evaluating a motion to dismiss, the court must assume that the plaintiff's factual allegations are true (*Gompper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002)), the court must not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation omitted). Here, not only have plaintiffs failed to allege facts that would give rise to any claim for relief against Pokémon, they have purported to state a claim for relief that simply does not exist under California law.

### IV. ARGUMENT

**A. The Unjust Enrichment Claim Against Pokémon Must Be Dismissed Because It Is Not A Standalone Cause Of Action Under California Law**

Count III of the Complaint is simply titled "Unjust Enrichment" and is alleged against all defendants. There is, however, no independent cause of action for unjust enrichment in California.

"[I]n California, there is not a standalone cause of action for unjust enrichment, which is synonymous with restitution." *Astiana v. Hain Celestial Grp.*, 783 F.3d 753, 762 (9th Cir. 2015) (internal quotation marks omitted). Instead, unjust enrichment "describe[s] the theory underlying a claim that a defendant has been unjustly conferred a benefit 'through mistake, fraud, coercion, or request.'" *Id.* (internal quotation marks and citation omitted); *see also Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1120 (N.D. Cal. 2016) (dismissing plaintiff's unjust enrichment claim with prejudice); *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1307 (2011) (holding that "[u]njust enrichment is not a cause of action, just a restitution claim."); *Ham v. Hain Celestial Group, Inc.*, 70 F. Supp. 3d 1188 (N.D. Cal. 2014) (dismissing plaintiff's unjust enrichment claim without leave to amend because there is no distinct

cause of action for unjust enrichment under California law) (citing cases); *Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1132 (N.D. Cal. 2013) (dismissing unjust enrichment claim with prejudice because "there is no distinct cause of action for unjust enrichment under California law"); *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1031 (N.D. Cal. 2012) (dismissing with prejudice plaintiffs' claim for unjust enrichment because such a claim is not viable under California law); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1075-76 (N.D. Cal. 2012) (dismissing with prejudice plaintiffs' claim for unjust enrichment based on *Hill v. Roll Int'l Corp.*); *Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 814-15 (N.D. Cal. 2011) (dismissing a claim for unjust enrichment in light of *Hill v. Roll Int'l Corp.*); *FormFactor, Inc. v. MarTek, Inc.*, No. 14-1122, 2015 WL 367653, at *7 (N.D. Cal. Jan. 28, 2015) (Donato, J.) ("the Court finds that unjust enrichment is not an independent cause of action under California law."); *In re iPhone Application Litig.*, Case No. 11-MD-02250-LHK, 2011 WL 4403963, at *15 (N.D. Cal. Sept. 20, 2011) (dismissing a claim for unjust enrichment, finding there is no longer any such cognizable claim under California law, and that restitution may only be awarded when the parties had an express contract).

Because plaintiffs' sole claim against Pokémon, for alleged unjust enrichment, is not a standalone claim, it must be dismissed.

**B.  Plaintiffs' Unjust Enrichment Claim Is Duplicative Of Their Tort Claims, For Which There Are Adequate Remedies At Law**

Plaintiffs' unjust enrichment claim is further improper because it is merely duplicative of their tort nuisance and trespass claims. *See In re Apple & AT&T iPad Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070, 1077 (N.D. Cal. 2011) ("plaintiffs can not [sic] assert unjust enrichment claims that are merely duplicative of statutory or tort claims"); *see also In re Conagra Foods, Inc.*, 90 F. Supp. 3d 919, 1010 n.222 (C.D. Cal. 2015) ("Where, as here, an unjust enrichment claim merely duplicates a conventional contract or tort claim, courts routinely conclude that plaintiffs have an adequate remedy at law and find that an independent cause of action for unjust enrichment will not lie."); *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 791, 944 N.Y.S.2d 732, 740, 967 N.E.2d 1177, 1185 (2012) ("Here, plaintiffs allege that Verizon committed actionable wrongs, by trespassing on or taking their property, and by deceiving them into thinking they were not entitled to compensation. To the extent that these

claims succeed, the unjust enrichment claim is duplicative; if plaintiffs' other claims are defective, an unjust enrichment claim cannot remedy the defects.").

Courts will decline to "stretch" a tort into a claim of unjust enrichment. *See Doe v. Texaco, Inc.*, No. C 06-02820 WHA, 2006 WL 2053504, at *2 (N.D. Cal. July 21, 2006). In *Doe v. Texaco, Inc.*, the plaintiffs claimed that defendant was unjustly enriched at their expense because the company wrongfully invaded "their legally protected interest in freedom from bodily harm." *Texaco*, at *2. The court held that plaintiffs did not state a valid claim for unjust enrichment because the alleged "extra profits that defendants gained by letting contaminated water run into the wetlands and rivers of Ecuador were not conferred upon them by plaintiffs." *Id.* The court expressly declined to "stretch . . . a personal-injury tort claim into a claim of unjust enrichment simply because the alleged tortfeasor got a benefit that was incidental to the injury." *Id.* Similarly, here, even if plaintiffs were in fact "injured" by the placement of Pokestops and Pokémon gyms in the Pokémon GO mobile game, the revenue that Pokémon derived from players of the Pokémon GO mobile game (which is the only allegation specifically made against Pokémon), was "not conferred upon [Pokémon] by plaintiffs" and would therefore not give rise to a claim for unjust enrichment.

Indeed, not only have plaintiffs pled a duplicative unjust enrichment claim, but plaintiffs also fail to allege any wrongdoing by Pokémon. As set forth above, the alleged conduct underlying plaintiffs' suit is the placement of Pokestops and Pokémon gyms allegedly on or around plaintiffs' property, and plaintiffs specifically allege that Niantic, not Pokémon, designated GPS coordinates as Pokestops and Pokémon gyms "on or near private property" "without the consent of the properties' owners." Compl. ¶ 28; *see also id*. ¶ 5. Thus even if plaintiffs were permitted to amend the Complaint to plead an alternative theory, plaintiffs could not state any claim for restitution against Pokémon which would allow for the disgorgement they seek in their unjust enrichment claim. Compl. ¶ 60; *In re Ford Tailgate Litig.*, No. 11-CV-2953-RS, 2014 WL 1007066, at *5 (N.D. Cal. Mar. 11, 2014) ("Plaintiffs are, of course, entitled to plead alternative claims…However, 'where the unjust enrichment claim relies upon the same factual predicates as a plaintiff's legal causes of action, it is not a true alternative theory of relief but rather is duplicative of those legal causes of action.'") (citation omitted) (citing *Licul v. Volkswagen Grp. of Am., Inc.*, 13-61686-CIV, 2013 WL 6328734 (S.D. Fla. Dec. 5, 2013)).

Nor is unjust enrichment a proper remedy for plaintiffs' claims, because there are adequate remedies at law for their tort claims. *See Texaco, Inc.*, 2006 WL 2053504, at *2 (dismissing unjust enrichment claim because plaintiffs could not plead that they has no adequate remedy at law) (citing *Ramona Manor Convalescent Hosp. v. Care Enters.*, 177 Cal. App. 3d 1120, 1140 (1986)); *In re Ford Tailgate Litig.*, 2014 WL 1007066, at *5 ("Should plaintiffs ultimately be unable to recover under either a contract or tort theory, it does not mean a legal remedy was unavailable (thereby justifying an equitable remedy of unjust enrichment), but only that their claim lacks merit.").

This Court should decline to "stretch" the torts of nuisance and trespass (which are not even alleged against Pokémon) into a claim of unjust enrichment. This is particularly true where plaintiffs' unjust enrichment claim is duplicative of their tort claims and plaintiffs have adequate remedies at law for their tort claims against the other defendants.

### C.     Because Plaintiffs Do Not – And Cannot – State Any Quasi-Contractual Claim Against Pokémon, The Unjust Enrichment Claim Must Be Dismissed With Prejudice

While a standalone claim for unjust enrichment is no longer viable, under some circumstances, a claim titled "unjust enrichment" may be permitted to proceed under a different title where plaintiff can plead an alternative, quasi-contract theory. *See McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1490 (2006) ("There is no cause of action for unjust enrichment. Rather, unjust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust." (citing 1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, §§ 1015, 1016, pp. 1104–1105)); *see also Trazo v. Nestle USA, Inc.*, 113 F. Supp. 3d 1047 (N.D. Cal. 2015) (holding that claim alleging that the defendant's misleading labeling enriched the defendant at the expense of the plaintiff stated a claim for quasi-contract seeking an unjust enrichment remedy).

Plaintiffs however, have not, and cannot, state such a quasi-contractual claim here. Rather, their Complaint is premised on the torts of nuisance and trespass against the other defendants. There simply are no facts – alleged or otherwise – that would allow plaintiffs to state a quasi-contractual claim against Pokémon. *See Rojas-Lozano*, 159 F. Supp. 3d at 1120 (dismissing with prejudice plaintiff's unjust enrichment claim, which was described as a claim for quasi-contract, because plaintiff "has not alleged that Defendant's alleged omission impacted her conduct in any way; thus, she has not alleged the

omission was material, that she relied on the omission, or that the omission caused her any injury. She has therefore not stated a quasi-contract claim.") (citing *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 933 (N.D. Cal. 2012) (when a plaintiff fails "to sufficiently plead an actionable misrepresentation or omission, his [or her] restitution claim must be dismissed.")).

Plaintiffs have not, and cannot, state any facts that would give rise to any cause of action against Pokémon (plaintiffs concede that the alleged wrongdoing – the placement of Pokestops and Pokémon gyms – was not committed by Pokémon), and the one claim they have attempted to make against Pokémon fails as an independent claim. No amendment could cure these deficiencies. The unjust enrichment claim must therefore be dismissed with prejudice. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (a district court may exercise its discretion to deny leave to amend due to "futility of amendment.") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002) (where amendment would simply serve to futilely "prolong the litigation," leave to amend should be denied.).

## V.     CONCLUSION

Because plaintiffs have failed to state, and cannot state a claim against Pokémon, Pokémon must be dismissed from this action with prejudice.

DATED: January 27, 2017                    GREENBERG TRAURIG, LLP

By:     /s/   Ian C. Ballon
        Ian C. Ballon
        Lori Chang
        Nina D. Boyajian
        Monica A. Hernandez
Attorneys for defendant
THE POKÉMON COMPANY