1  COOLEY LLP
   MICHAEL G. RHODES (116127) (rhodesmg@cooley.com)
2  JEFFREY M. GUTKIN (216083) (jgutkin@cooley.com)
   BENJAMIN KLEINE (257225) (bkleine@cooley.com)
3  KRISTINE A. FORDERER (278745) (kforderer@cooley.com)
4  101 California Street, 5th Floor
   San Francisco, CA  94111-5800
5  Telephone:     (415) 693-2000
   Facsimile:      (415) 693-2222
6
7  Attorneys for Defendant
   NIANTIC, INC.
8

9              UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
10                SAN FRANCISCO DIVISION
11

12 | In re Pokémon Go Nuisance Litigation | Case No.  3:16-cv-04300-JD
13 | | **NIANTIC, INC.'S DISCOVERY LETTER NO. 2 RE REQUEST FOR ADMISSION NO. 1 TO PLAINTIFFS**

## I. ATTESTATION OF COMPLIANCE

By the electronic signature below, Jeffrey Gutkin, counsel for Niantic, Inc. ("Niantic") attests under penalty of perjury that he, on behalf of Niantic, has met and conferred with Plaintiffs' counsel pursuant to the Court's Standing Order for Civil Discovery and the Civil Local Rules. Plaintiffs' counsel is located in New York City, more than 50 miles from Niantic's counsel in San Francisco. The parties met and conferred telephonically regarding the issue described herein on October 1, 2018.

## II. ISSUE AND DESIRED RESOLUTION

Plaintiffs have refused to admit or deny Niantic's Request for Admission No. 1 ("RFA 1"), which asks them to admit, *as their counsel did on the record at the hearing on Niantic's motion to dismiss*, that Plaintiffs "do not contend that Niantic's placement of virtual objects at GPS coordinates corresponding with locations that are on or near private property constitutes a trespass, unless that placement causes a physical object or physical Person to enter such private property." *See* **Exhibit A**, Defendant Niantic's First Set of Requests for Admission to Plaintiff Bruce Garton (which were also served on all other Plaintiffs). Plaintiffs objected that RFA 1 seeks a legal conclusion, seeks information protected by the attorney client privilege, and is, "essentially," a premature contention interrogatory and Plaintiffs have not yet completed "discovery" or "preparation for trial." *See* **Exhibit B** ("Responses"). Plaintiffs appear to neither admit nor deny RFA 1. Rather, after making objections, they state that "Plaintiffs refer Defendant to the Complaint, which describes Niantic's conduct that Plaintiffs allege constitutes trespass." *Id.* As discussed below, to the extent this response is intended to be a denial under Rule 36, it is impermissible. Plaintiffs expressly gave up the "virtual trespass" theory in the Complaint at the March 29, 2018 hearing on Niantic's motion to dismiss. The Court should hold Plaintiffs to their word and order that they cannot pursue a claim of mere virtual trespass.

During the parties' meet and confer telephone call on October 1, 2018, Niantic asserted that Plaintiffs were obligated to admit RFA 1, due to their in-court statements. Plaintiffs' counsel agreed to consider Niantic's position and make a decision by October 9, 2018. Niantic did not hear from Plaintiffs on that day. When Niantic's counsel followed up regarding Plaintiffs' non-response, counsel responded only that they had a "deadline on another case" and would provide a response "sometime next week." Niantic replied the same day that counsel's response was not a sufficient commitment

and that Niantic would plan to move to compel.  Almost a week later, counsel has still provided no response.  Niantic presumes Plaintiffs intend to deny RFA 1.

Accordingly, Niantic seeks an order precluding Plaintiffs from contending that Niantic's "placement" of virtual objects at GPS coordinates corresponding with locations that are on or near private property constitutes a trespass, in the absence of any resulting physical incursion.

### III.    ARGUMENT

#### A.    Plaintiffs' Counsel Admitted RFA 1 On the Record in Court.

Although it is ambiguous, the Complaint can be read to allege two *separate* theories of trespass: one based on physical incursions by Pokémon GO players onto private property, and one based on Niantic's "placement[]" of virtual objects on private property, causing the virtual objects themselves to "enter the properties of Plaintiffs" and the putative class.  Compl. ¶ 183.  At the March 28, 2018 hearing, in response to questioning by the Court, Plaintiffs conceded that they could not claim trespass based on the placement of virtual objects *alone*:

> THE COURT: . . . It's a unitary claim on plaintiffs' side that involves not just the placement of the electronic marker but the response to that by people with corporeal bodies. Right, Mr. Iqbal? Is that right? You need to use words.
> MR. IQBAL: Correct. Yes.
> THE COURT: Yeah.
> MR. RHODES: Then I accept the Court's understanding as mine as long as it's clear that *we're not going to be – we're going to be held to some standard later that the mere act of the computer entry of associating a virtual object with someone's private property, in and of itself, is enough to constitute a tort of trespass*. If that's what he's saying, I understand now.
> THE COURT: *We've established that's not how the complaint is to be read. Is that right, Mr. Iqbal?*
> MR. IQBAL: *Correct*.

Mar. 28, 2018 Hearing Tr. at 15:7-23.  This exchange concluded a longer discussion on the topic.  *Id.* at 9:11-16:16.  In light of this commitment on the record, the Court should not permit Plaintiffs to assert that "the mere act of the computer entry associating a virtual object with someone's private property" can constitute a trespass.  *See, e.g., Butler v. Coca-Cola Refreshments USA, Inc.*, No. 12 CIV. 1791 BMC, 2013 WL 3324995, at *2 (E.D.N.Y. July 1, 2013) ("A concession in open court is fully binding on a represented party."); *see also U.S. v. Bentson*, 947 F.2d 1353, 1346 (9th Cir. 1991).

### B. Plaintiffs' Objections to RFA 1 Are Improper.[1]

Plaintiffs' first objection that RFA 1 calls for an improper legal conclusion is without merit. RFA 1 asks Plaintiffs to admit that *they do not contend* that certain conduct constitutes trespass in this case; it does not ask Plaintiffs to draw any conclusion about the law of trespass. The Federal Rules make clear that a party must "answer" a "request for admission as to matters which that party regards as 'in dispute.'" Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment. *See also Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) (admissions are properly "sought . . . to narrow the issues by eliminating those that can be [eliminated].") Plaintiffs cite *Martin v. Safeco Ins. Co. of Am.*, No. 2:11-CV-01063 MCE, 2012 WL 3070680, at *1 (E.D. Cal. July 27, 2012), in their Responses, which involved requests that a "defendant to admit or deny what its general 'legal obligations' were in the context of reviewing and settling plaintiff['s] [] insurance claim[.]" This type of request is clearly distinguishable from RFA 1, which addresses the scope of the dispute in the case.

Plaintiffs' objection that RFA 1 calls for privileged information is also clearly groundless, as Niantic seeks only to confirm Plaintiffs representations in open court. Finally, Plaintiffs' claim that RFA 1 is premature is, likewise, without merit. Plaintiffs gave assurances to the Court on the record about the scope of their trespass claim, and Niantic is entitled to formally narrow the issues in the case by officially committing Plaintiffs to those assurances. Clarity of this kind serves judicial economy and will conserve Court and party resources by avoiding disputes as the litigation progresses.

### IV. CONCLUSION

Based on the foregoing, Niantic respectfully requests an Order that Plaintiffs may not contend that Niantic's placement of virtual objects at GPS coordinates corresponding with locations that are on or near private property, without an accompanying physical incursion, constitutes a trespass.

Dated: October 17, 2018                    COOLEY LLP

*Jeffrey Gutkin*
Jeffrey Gutkin (216083)
Attorneys for Defendant

---

[1] Niantic understands that this letter is meant only to give the Court a summary of the dispute. Niantic can submit detailed briefing, with additional legal cites, regarding Plaintiffs' objections, if requested.