UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE POKÉMON GO NUISANCE LITIGATION

Case No. 3:16-cv-04300-JD

[PROPOSED]
ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND DIRECTING NOTICE TO SETTLEMENT CLASS

On February 14, 2019, Plaintiffs Scott Dodich and Jayme Gotts-Dodich; The Villas of Positano Condominium Association, Inc., on behalf of its members; Jill M. Barbarise; Jason Sarkis; Melissa Perez; Congshan "Sam" Hao; Bruce Garton; Sally Rogers; Deborah J. Pimentel; and Loren Morgan ("Plaintiffs") filed a motion for preliminary approval of a putative class-action settlement with Defendant Niantic, Inc. ("Niantic"). Dkt. No. 117. On March 14, 2019, following a hearing on the motion before the Court, the Court ordered Plaintiffs to "submit by March 28, 2019, a notice of amendment that addresses a mechanism for handling disputes in the event the 'CRE process' is not successful for additional complaints received in the near future related to nuisance, trespass, or a request to remove a PokéStop or Gym." Dkt. No. 121. On March 28, 2019, Plaintiffs submitted a Notice of Amendment and the Amended Class Action Settlement Agreement dated March 27, 2019 and exhibits thereto. Dkt. No. 126. On April 11, 2019, the Court found the proposed amendment "too vague and undefined to be useful" and gave the parties 14 days "to submit a meaningful dispute resolution mechanism, if they so choose." On April 25, 2019, Plaintiffs submitted a Second

Notice of Amendment with the Second Amended Class Action Settlement Agreement dated April 25, 2019 ("Settlement Agreement").

Plaintiffs now seek an order to: (1) certify the Settlement Class, for settlement purposes only; (2) preliminarily approve the parties' proposed class action settlement, in accordance with the Settlement Agreement; (3) appoint Plaintiffs as Class Representatives and their counsel Pomerantz LLP as Class Counsel; (4) approve the proposed Long-Form Notice and Short-Form Notice and the proposed manner of dissemination to the Settlement Class; (5) set deadlines for Plaintiffs' Counsel to file their motion for final approval of the Settlement ("Final Approval Motion") and motion for an award of reasonable attorneys' fees, costs and expenses ("Fee Motion"), for Settlement Class Members to file objections to the Settlement Agreement or Fee Motion, and for Plaintiffs' Counsel to respond to any such objections; and (6) schedule a hearing on the final approval of the Settlement and Fee Motion.

Having considered the papers on the motion, the arguments of counsel, and relevant legal authority, and good cause appearing, the Court hereby ORDERS that the Motion for Preliminary Approval of Class Action Settlement is GRANTED as follows:

## I.  Nature of Action

Plaintiffs allege that Niantic violated state trespass and nuisance laws by enticing and/or causing Pokémon Go players to invade the use and enjoyment of, as well as enter, privately owned property by placing virtual game locations, called "Pokéstops" and "Gyms," on or near such property without prior permission. Defendant Niantic, Inc. ("Niantic") disputes all of Plaintiffs' claims and denies any wrongdoing or legal violation.

## II.  Class Certification

The Court hereby certifies, for purposes of settlement only, and conditioned on the entry of the Final Judgment and Order Approving Settlement, the following Settlement Class:

> All persons in the United States who own or lease property within 100 meters of any location that Niantic has designated, without prior consent of such property owner or lessee, as a Pokéstop or Pokémon Gym in the Pokémon Go mobile application.

The Court hereby finds, for purposes of settlement only, and conditioned on the entry of the Final Judgment and Order Approving Settlement, that the Settlement Class satisfies all of the requirements for certification under Federal Rules of Civil Procedure 23(a) and (b)(2):

    (a) joinder of all Settlement Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion;

    (b) there are questions of law and fact common to the Settlement Class;

    (c) Plaintiffs' claims are typical of the claims of the Settlement Class that they seek to represent for purposes of settlement;

    (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so;

    (e) Plaintiffs and the Settlement Class are represented by qualified counsel who are experienced in preparing and prosecuting class actions; and

    (f) Niantic has acted or refused to act on grounds that apply to the Settlement Class, so that final declaratory and injunctive relief is appropriate to the Settlement Class.

Accordingly, the Court certifies the Settlement Class under Federal Rule of Civil Procedure 23(b)(2) and appoints named Plaintiffs and their counsel as representatives of the Settlement Class.

### III.   Preliminary Approval of Settlement

The Court has reviewed the terms of the Settlement, including the injunctive relief provided to the Settlement Class and the release of claims. Based on review of those papers and the Court's familiarity with this case, the Court finds and concludes that the Settlement is the result of good-faith and non-collusive arms'-length negotiations conducted after Class Counsel had adequately investigated Plaintiffs' claims and become familiar with their strengths and weaknesses. The assistance of mediator Greg Lindstrom of Phillips ADR in the settlement process supports the finding that the Settlement is non-collusive. The Court accepts the parties' agreement that settlement at this time will avoid substantial additional costs to all Parties, as well as avoid the delay and the risks presented by further prosecution of issues either in the current or separate litigation proceedings which are addressed by the Agreement. Based on all of these factors, the Court

concludes that the proposed Settlement meets the criteria for preliminary settlement approval. The Settlement has no obvious defects and falls within the range of possible approval as fair, adequate, and reasonable, such that notice to the Settlement Class is appropriate. Accordingly, the Settlement is hereby preliminarily approved.

### IV.   Notice

The Court approves, as to form and content, the proposed Long-Form Notice and Short-Form Notice, attached as Exhibits A-1 and A-2 respectively to the Settlement Agreement and filed on the ECF docket at Dkt. Nos. 129-3 and 129-4. The Long-Form Notice appropriately informs Settlement Class Members about: (1) the nature of this action, the definition of the Class, the identity of Class Counsel, and the essential terms of the Settlement; (2) Plaintiff's forthcoming application for Attorneys' Fees and Costs and Class Representative Service Awards; (3) the Final Approval Hearing and the Court's procedures for final approval of the Settlement; and (4) the procedures for filing an objection to the Settlement. The Short-Form Notice appropriately informs Settlement Class Members about the nature of this action, the definition of the Class, the essential terms of the Settlement, the Final Approval Hearing, the Objection Deadline, and the identity of Class Counsel. The Short-Form Notice further directs Settlement Class Members to the Class Settlement Website and to the Long-Form Notice for additional details about (1) the Settlement and the injunctive relief it provides; (2) Class Counsel's request for attorneys' fees and costs; and (3) the procedures for objecting to the Settlement or request for attorneys' fees.

The proposed plan for disseminating notice likewise is a reasonable method calculated to reach Settlement Class members who would be bound by the Settlement. The Long-Form Notice will be posted on the Pokémon GO support website and on a case-specific settlement website. The Short-Form Notice will be published in several nationally prominent news publications including *USA Today* and also in at least one prominent publication that is targeted towards public parks and/or public park systems. Accordingly, the Court finds and concludes that the proposed Notice Plan will provide notice in a reasonable manner and satisfies the notice requirements of Rule 23(e).

Promptly following the entry of this order, Class Counsel will prepare final versions of the Long-Form Notice and Short-Form Notice, incorporating into them the relevant dates and deadlines

set forth in this order. Then, pursuant to the deadlines set forth at the end of this Order: (1) the Long-Form Notice and Short-Form Notice (as revised) shall be posted on a case-specific website established by Class Counsel (the "Class Settlement Website"), along with the Stipulation and all relevant Court orders in this Action; (2) Niantic shall cause the Long-Form Notice to be posted on the Pokémon GO support website; and (3) the Short-Form Notice will be published in several nationally prominent news publications including *USA Today* and also in at least one prominent publication that is targeted towards public parks and/or public park systems. Defendant shall pay the cost of the Notice Plan.

The foregoing is the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class. As part of the motion for final approval of the Settlement ("Final Approval Motion"), Plaintiffs shall submit declarations to the Court confirming compliance with the notice provisions set forth above.

## V. CAFA Notice

The Court finds that Niantic has complied with the Class Action Fairness Act ("CAFA"). Under CAFA, within "10 days after a proposed settlement of a class action is filed in court, each defendant that is participating in the proposed settlement" must serve notice of the proposed settlement upon "the appropriate State official of each State in which a class member resides and the appropriate Federal official." 28 U.S.C. § 1715. The Motion for Preliminary Approval of Class Action Settlement was filed on February 14, 2019. Niantic has filed a Notice of Compliance with CAFA attesting that, no later than February 24, 2019, notice of the Settlement containing all documents required by 28 U.S.C. § 1715(b)(1)-(8) was served upon the Attorney General of the United States of America and the appropriate state official in California and all the other states in which a Class Member is known to reside.  Dkt. No. 119.

## VI. Final Approval Hearing

The Court hereby schedules a hearing (the "Final Approval Hearing") to determine whether to grant final approval to the Settlement as well as to rule on Class Counsel's motion for an award of reasonable attorneys' fees, costs and expenses ("Fee Motion"). The Final Approval Hearing shall take place at the date and time set forth at the end of this Order. The date of the Final Approval

Hearing may be changed without further notice to the Settlement Class. However, Plaintiffs are responsible for promptly updating the Class Settlement Website with information about any such change.

Pending the Final Approval Hearing, all proceedings in this Action, other than proceedings necessary to carry out and enforce the terms and conditions of the Settlement Agreement and this Order, are stayed. Additionally, the Court enjoins all Settlement Class Members from asserting or maintaining any claims to be released by the Settlement Agreement until the date of the Final Approval Hearing.

### VII.   Objections

Any Settlement Class Member may comment on or object to any aspect of the proposed Settlement or Fee Motion, either on his or her own or through an attorney hired at his or her expense, by following the procedures set forth herein. These procedures and requirements are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Member's objection to the Settlement Agreement, in accordance with the due process rights of all Settlement Class Members.

Any Settlement Class Member who wishes to comment on or object to the Settlement or Fee Motion must do so **in writing**. To be considered, any comment on or objection to the Settlement or Fee Motion must be mailed, **postmarked no later than the Objection Deadline set forth below**, to the Court at the following address: Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102. It must also include the following:

(a) the case name and number (*In re Pokémon Go Nuisance Litigation*, Case No. 3:16-cv-04300-JD);

(b) the name, mailing address, e-mail address, and signature of the Settlement Class Member and, if represented by counsel, of his or her counsel;

(c) the specific aspect of the Settlement or Fee Motion to which the Settlement Class Member objects or wishes to comment upon, along with any legal support the

|   |   |
|---|---|
| | Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce; |
| (d) | a statement of membership in the Settlement Class that clearly identifies every property that the Settlement Class Member contends is or was within 100 meters of any location that Niantic has designated, without prior consent of such property owner or lessee, as a Pokéstop or Pokémon Gym in the Pokémon Go mobile application; and |
| (e) | documentary proof of ownership or leasehold interest for every property or properties that the Settlement Class Member contends is within 100 meters of any location that Niantic has designated, without prior consent of such property owner or lessee, as a Pokéstop or Pokémon Gym in the Pokémon Go mobile application. |

Settlement Class Members who have timely commented on or objected to the Settlement in writing may also appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing. Any Settlement Class Member who wishes to appear at the Final Approval Hearing must submit a Notice of Intention to Appear along with their written comment or objection. If a Settlement Class Member intends to appear at the Final Approval Hearing through counsel, the Notice of Intention to Appear must also identify all attorneys who will appear at the Final Approval Hearing.

Any Class Member who does not timely submit such a written comment or objection will not be permitted to raise such comment or objection or appear at the Final Approval Hearing, except for good cause shown, and any Class Member who fails to object in the manner prescribed by this order will be deemed to have waived, and will be foreclosed from raising, any such comment or objection, except for good cause shown. The Court will only require substantial compliance with the requirements for submitting an objection.

### VIII. Scheduling Order

The following table summarizes all relevant dates and deadlines set forth in this Order:

| Date | Event |
|---|---|
| No later than ten (10) business days following the entry of this Order (May 16, 2019) | The Long-Form Notice and Short-Form Notice (as revised) shall be posted on the Class Settlement Website, along with the Stipulation and all relevant Court orders in this Action. |
| No later than ten (10) business days following the entry of this Order (May 16, 2019) | Niantic shall cause the Long-Form Notice to be posted on the Pokémon GO support website. |
| No later than thirty (30) days following the entry of this Order (June 3, 2019) | The Short-Form Notice will be published in several nationally prominent news publications including *USA Today* and also in at least one prominent publication that is targeted towards public parks and/or public park systems. |
| June 13, 2019 | Deadline for Plaintiffs to file Final Approval Motion and Fee Motion |
| July 18, 2019 | Objection Deadline |
| August 7, 2019 | Deadline for Plaintiffs to file reply briefs |
| August 22, 2019, at 10:00 a.m. | Final Approval Hearing |

Upon application of the parties and good cause shown, the deadlines set forth in this Preliminary Approval Order may be extended by order of the Court without further notice to the Class. Class members must check the Class Settlement Website regularly for updates and further details regarding extensions of these deadlines.

**IX.     Other Provisions**

In the event the Court does not grant final approval of the Settlement, or for any reason the Parties fail to obtain a Final Judgment and Order as contemplated by the Settlement Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason or the Final Settlement Date does not occur for any reason, then the Settlement Agreement and all orders and findings entered in connection with the Settlement Agreement and the Settlement shall become null and void and be of no further force and effect whatsoever, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in this or any other proceeding.

This Order shall not be construed or used as an admission, concession, or declaration by or against Niantic of any fault, wrongdoing, breach, or liability, and shall not be deemed to be a stipulation as to the propriety of class certification, or any admission of fact or law regarding any request for class certification, in any other action or proceeding, whether or not involving the same or similar claims. Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the other Settlement Class Members that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any Party of any defenses or claims he, she, or it may have in the Action or in any other proceeding.

Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with the approval and administration of the Settlement Agreement that are not materially inconsistent with this Preliminary Approval Order or the Settlement Agreement, including making, without further approval of the Court, minor corrections or non-substantive changes to the form or content of the Long-Form Notice or Short-Form Notice that they jointly agree are reasonable or necessary.

**SO ORDERED**.

Dated: May 2, 2019

_____
JAMES DONATO
UNITED STATES DISTRICT JUDGE