Jennifer Pafiti (SBN 282790)
**POMERANTZ LLP**
1100 Glendon Avenue
Los Angeles, CA 90024
Phone: 310-405-7190
Email: jpafiti@pomlaw.com

(additional counsel on signature page)

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

**IN RE POKÉMON GO NUISANCE LITIGATION**

**Case No. 3:16-cv-04300-JD**

**CLASS ACTION**

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF MOTIONS FOR FINAL APPROVAL OF SETTLEMENT AND FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND SERVICE AWARDS**

Date: August 22, 2019
Time: 10:00 a.m.
Courtroom: 11, 19th Floor
Judge: Hon. James Donato

## Introduction

Plaintiffs Scott Dodich and Jayme Gotts-Dodich; The Villas of Positano Condominium Association, Inc., on behalf of its members ("Villas"); Jill M. Barbarise; Jason Sarkis; Melissa Perez; Congshan "Sam" Hao; Bruce Garton; Sally Rogers; Deborah J. Pimentel; and Loren Morgan (collectively "Plaintiffs"), on behalf of themselves and the Settlement Class, respectfully submit this reply in further support of their motions for (1) Final Approval of the Settlement (ECF No. 135) and (2) Award of Attorneys' Fees And Expenses and Service Awards (ECF No. 136).

Pursuant to the Court's May 2, 2019 Order (ECF No. 131) (the "Preliminary Approval Order"), on May 16, 2019, the Long-Form Notice, Short-Form Notice, Complaint, Settlement Agreement, and Preliminary Approval Order were all posted on https://www.pokemongopropertysettlement.com (the "Class Settlement Website"), along with contact information for Plaintiffs' Counsel, the deadline to file objections, and the date of the Final Approval Hearing.

The Short-Form Notice (which briefly summarized the Action and Settlement and directed potential class members to the Class Settlement Website for further information) was posted on the Pokémon GO support website on May 16, 2019; posted in the National Recreation and Park Association eNewsletter on May 20, 2019; published in the *New York Times, USA Today, and People* Magazine on May 29, 2019; and published in the Parks and Rec Business eNewsletter on May 31, 2019.

The Long-Form Notice included all the information required by Rule 23(c)(2)(B) or otherwise necessary for Settlement Class Members to make an informed decision regarding the proposed Settlement, including: (i) an explanation of the nature of the Action and the claims asserted; (ii) the definition of the Settlement Class; (iii) the terms of the Settlement, including the means for Class members who have already gone through Niantic's customer service process to contact Plaintiffs' Counsel for further review of their complaints; (iv) the parties' reasons for proposing the Settlement; (v) that Plaintiffs' Counsel would apply for an award of attorneys' fees and expenses not to exceed $4 million, and compensatory awards of up to

$2,500 each for the Named Plaintiffs; (vi) how to object to the Settlement; (vii) how to contact Plaintiffs' Counsel with any questions; (viii) all relevant dates and deadlines; and (ix) the binding effect of a judgment on Settlement Class members. It thus described "'the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 946 (9th Cir. 2015) (quoting *Lane v. Facebook, Inc.*, 696 F.3d 811, 826 (9th Cir. 2012)).

Plaintiffs believe that this Notice Program, especially in conjunction with the considerable media coverage of this Action and Settlement, was sufficient to reach a substantial portion of the Settlement Class. The periodicals and publications described above are targeted towards the Class demographics (*i.e.*, private property owners), and have an aggregate circulation of several million. In addition, Plaintiffs' Motion for Final Approval and Motion for Award of Attorneys' Fees and Expenses (ECF Nos. 135, 136) were posted on the Class Settlement Website on June 17, 2019, shortly after they were filed on June 13, 2019. This gave Settlement Class Members the opportunity "thoroughly to examine counsel's fee motion" before the July 18, 2019 objection deadline, as required by *In re Mercury Interactive Corp. Securities Litigation*, 618 F.3d 988, 994 (9th Cir. 2010).

As set forth in the Preliminary Approval Order and as specified on the Class Settlement Website and in the Short-Form Notice and Long-Form Notice, the deadline for Settlement Class members to submit objections was July 18, 2019. No objections were postmarked or received before this deadline.

However, one putative objection was postmarked July 25, 2019 and received by Class Counsel on August 6, 2019. *See* Exhibit A. This putative objection was submitted by an inmate at a prison in Pennsylvania who "invokes a claim for monetary relief that he may otherwise have against Niantic; and invokes any and all legal rights, substantive due process." *Id*. It provides the inmate's mailing address at the prison but does not list any other address or otherwise contain any information indicating membership in the Settlement Class. Because the putative objection contains no information indicating membership in the Settlement Class, and the Settlement has no effect on monetary claims, the putative objection should be overruled.

As of August 6, 2019, no other putative objections have been received. This favorable reaction by the Settlement Class further supports the fairness and adequacy of the Settlement. *See Omnivision*, 559 F. Supp. 2d at 1043; *Nat'l Rural Telecomms.*, 221 F.R.D. at 529 ("[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members.").

## Conclusion

For all the foregoing reasons, the Settlement should be granted final approval; the Settlement Class should be certified for settlement purposes; the Named Plaintiffs (Scott Dodich and Jayme Gotts-Dodich; The Villas of Positano Condominium Association, Inc.; Jill M. Barbarise; Jason Sarkis; Melissa Perez; Congshan "Sam" Hao; Bruce Garton; Sally Rogers; Deborah J. Pimentel; and Loren Morgan) should be appointed as class representatives; and Pomerantz LLP should be appointed Class Counsel. In addition, Plaintiffs respectfully request that this Court grant an award of $4 million as attorneys' fees and as reimbursement for expenses that Plaintiffs' Counsel advanced for the benefit of the Settlement Class that were reasonably necessary to the prosecution of this Action, and were the type usually billed to clients outside of a contingency payment arrangement. Finally, Plaintiffs' Counsel request that the Named Plaintiffs be granted service awards of $2,500 each for their efforts expended in this Action, without which the Settlement would not have been achieved.

Dated: August 7, 2019

Respectfully submitted,

**POMERANTZ LLP**

*/s/ Murielle J. Steven Walsh*

Jeremy A. Lieberman
Murielle J. Steven Walsh
Aatif Iqbal
600 Third Avenue
20th Floor
New York, NY 10016
Phone: 212-661-1100
Fax: 917-463-1044
Email: jalieberman@pomlaw.com

mjsteven @pomlaw..com
aiqbal@pomlaw.com

**POMERANTZ LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Phone: 312-377-1181
Fax: 312-229-8811
Email: pdahlstrom@pomlaw.com

**POMERANTZ LLP**
Jennifer Pafiti (SB # 282790)
1100 Glendon Avenue
Los Angeles, CA 90024
Phone: 310-405-7190
Email: jpafiti@pomlaw.com

***Counsel for Plaintiffs***